**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARISMAN, | No. C 00-4049 PJH (PR) |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |
| vs. | |
| J.S. WOODFORD, et al., | |
| Defendants. | |

This is a civil rights case filed pro se by a state prisoner. The served defendants, Brau, Brown, Calvo, Chipman, Daniels, Downs, Flax, Francis, Fuller, Johnston, Keesee, Mahony, Morgan, Nollette, Petrakis, Ponath, Stone, Thompson, B. Woodford, and J. Woodford, have now filed an unenumerated motion to dismiss in which they contend that plaintiff failed to exhaust administrative remedies. Plaintiff has opposed the motion and defendants have replied. The motion is ready for ruling.

**BACKGROUND**

In the initial review order the court considered plaintiff's twenty-five claims, dismissing ten with prejudice and dismissing fifteen others with leave to amend. Plaintiff amended. One hundred and seventy-seven defendants were named in the 215 page amended complaint, and the retaliation claim alone was 162 pages long. In its review of the amendment the court concluded that some of his claims were sufficient to proceed, but many claims were dismissed with prejudice, and others were dismissed with leave to amend. Rather than file an amendment, plaintiff attempted to appeal. The court of appeals dismissed the appeal for lack of jurisdiction, there not having been a final judgment. On remand, plaintiff not having amended, the court ordered service of those claims which it

had found in its review of the amendment to be sufficient to state a claim.

In the order of service the court provided a list of the claims which were allowed to proceed:

> Plaintiff's retaliation claims that defendants Woodford, Calderon, Wooton, Francis, Flax, Petrakis, Rubia, Brau and Johnston housed him in a punitive unit, Fuller ordered searches of his cell, Nollette told another inmate that plaintiff had informed on him, Thompson ordered searches in such a way as to reveal that plaintiff had informed on other inmates, Brau and Woodford initiated rule violation proceedings for plaintiff's writing to a state senator, and Morgon failed to give plaintiff his legal papers; claims against B. Woodford, Brown, Dinkins, Keesee and Chipman for failure to provide medical care for his boils; claims against defendants Flax and Dillon regarding their failure to obtain his records of previous EEGs, his claim against Dr. Foster regarding care for his bowel infection, and his claim against Stone for dental care; ETS claim against warden Woodford, his contention that she prevented him from obtaining a necessary form for gaining access to the courts, and his contention that she allowed conditions of confinement that violated his Eighth Amendment rights; claims against Calderon, Wooton, Francis, Rubia, Johnston, Petrakis, and Flax for classifying him for undesirable housing and failing to provide any mental health observation or care, and his claim that J. Woodford, Francis, Brau, Fuller, Calvo, Ponath, Foster, Down, Lyles, Majoney, Bronswich, Griess, Flax and Platmia violated his rights under the ADA.

## DISCUSSION

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. *Porter v Nussle*, 122 S. Ct. 983, 988 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.*; *Booth v Churner*, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 122 S. Ct. at 992.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *See id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A final decision at the director's level satisfied the exhaustion requirement under § 1997e(a). *Id.* at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense. *Wyatt v Terhune*, 315 F.3d 1108, 1119 (9th Cir 2003). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice. *Id.* at 1120.

Defendants say in their motion that they no longer have copies of plaintiff's complaints from the relevant time because they keep them only three years. In his amended complaint plaintiff contended that he had exhausted his administrative remedies by way of several administrative appeals, copies of which were attached. The consequence is that the only evidence before the court as to whether plaintiff has exhausted these claims is the copies of administrative appeals provided by plaintiff with his amended complaint. As defendants point out, of the remaining claims, only his claim that his rights were violated in relation to his classification and that his boils were not properly treated are shown to be exhausted in those papers.

In his opposition plaintiff claims to have copies of his administrative appeals to show that at least some claims are exhausted, although he also says that some may have been lost or not answered. Defendants ask that he be required to provide these to them,

3

1 although he contends that they are not now accessible to him because they were
2 improperly confiscated and are held in storage.

3 It is defendants' burden to show absence of exhaustion, as they acknowledge.  They
4 have failed to do so.  Their request that plaintiff's copies of the administrative appeals be
5 provided to them is best addressed in discovery, and their contention that some of plaintiff's
6 allegations are too vague for them to answer can be addressed by motion or in discovery.
7 It may be that after completion of discovery it will be possible to resolve this issue on
8 summary judgment, but the motion to dismiss must be denied.

## CONCLUSION

1. The motion to dismiss (document number 68 on the docket) is **DENIED** without prejudice to raising the issue in a motion for summary judgment.

2. Defendants shall file a dispositive motion within sixty days of the date of this order, or inform the court that such a motion is not appropriate.  If a motion is filed, plaintiff shall file an opposition within thirty days of the date the dispositive motion is served upon him.  If defendants wish to reply, they shall do within fourteen days of the date the opposition is served upon them.  The motion will then be considered on the papers without oral argument, unless the court orders otherwise at a later date.

3. Plaintiff has moved for service on defendant Bruce McPherson, pointing out that he was named in the amended complaint on an issue that the court allowed to proceed.  The motion (document number 61) is **GRANTED**.  The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint (document 36) and a copy of this order on Bruce McPherson at San Quentin State Prison.

**IT IS SO ORDERED.**

Dated: March 30, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.00\ARISMAN049.MDSMSS

4