United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID ARISMAN,

        Plaintiff,

  vs.

J. S. WOODFORD, et al.,

        Defendants.

No. C 00-4049 PJH (PR)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

    This is a pro se section 1983 civil rights action filed by a prisoner at San Quentin State Prison.  Defendant Nollette has moved to dismiss and defendants J. Woodford, Francis, Flax, Petrakis, Brau, Johnston, Fuller, and Stone have moved for summary judgment.  Plaintiff has opposed the motions.  For the reasons set out below, the motions will be granted.

## BACKGROUND

    In the initial review order the court considered plaintiff's twenty-five claims, dismissing ten with prejudice and dismissing fifteen others with leave to amend.   Plaintiff amended.  One hundred and seventy-seven defendants were named in the 215 page amended complaint, and the retaliation claim alone was 162 pages long.  In its review of the amendment the court concluded that some of his claims were sufficient to proceed, but many claims were dismissed with prejudice, and others were dismissed with leave to amend.

    Rather than file an amendment, plaintiff attempted to appeal.  The court of appeals dismissed the appeal for lack of jurisdiction, there not having been a final judgment.

///

Because plaintiff did not amend after the remand, only those claims which were found to be cognizable in the review order were served. All others were dismissed with prejudice. Those which were served were as follows:

[1] Plaintiff's retaliation claims that:

[a] defendants Woodford, Calderon, Wooton, Francis, Flax, Petrakis, Rubia, Brau and Johnston housed him in a punitive unit;

[b] Fuller ordered searches of his cell;

[c] Nollette told another inmate that plaintiff had informed on him;

[d] Thompson ordered searches in such a way as to reveal that plaintiff had informed on other inmates;

[e] Brau and J. Woodford initiated rule violation proceedings for plaintiff's writing to a state senator; and

[f] Morgon failed to give plaintiff his legal papers;

[2] claims against B. Woodford, Brown, Dinkins, Keesee and Chipman for failure to provide medical care for his boils;

[3] claims against defendants Flax and Dillon regarding their failure to obtain his records of previous EEGs;

[4] his claim against Dr. Foster regarding care for his bowel infection;

[5] his claim against Stone for dental care;

[6] ETS claim against Warden Woodford;

[7] his contention that Warden Woodford prevented him from obtaining a necessary form for gaining access to the courts;

[8] his contention that Warden Woodford allowed conditions of confinement that violated his Eighth Amendment rights;

[9] claims against Calderon, Wooton, Francis, Rubia, Johnston, Petrakis, and Flax for classifying him for undesirable housing and failing to provide any mental health observation or care; and

[10] his claim that J. Woodford, Francis, Brau, Fuller, Calvo, Ponath, Foster, Down, Lyles, Majoney, Bronswich, Griess, Flax and Platmia violated his rights under the Americans with Disabilities Act.

Defendants Brau, Brown, Calvo, Chipman, Downs, Flax, Francis, Fuller, Johnson, Keesee, Mahoney, Morgan, Nollette, Petrakis, Ponath, Stone, Thompson, B. Woodford, and J. Woodford moved to dismiss for failure to exhaust and for summary judgment. The

motion to dismiss for failure to exhaust was granted as to claims 1d, 1e, 1f, 2, 7, 9, and 10. The motion for summary judgment was granted as to claims 2 and 8. In the ruling the case was referred to Magistrate Judge Nador Vadas for settlement conference. Judge Vadas conducted two conferences, but the case did not settle.

## DISCUSSION

### A.    Motion to Dismiss for Failure to Exhaust

Defendant Nollette moves to dismiss the claim against him for failure to exhaust administrative remedies.

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. *Porter v Nussle*, 122 S. Ct. 983, 988 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.*; *Booth v Churner*, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 122 S. Ct. at 992.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *See id.* § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second

level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *See id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A final decision at the director's level satisfied the exhaustion requirement under § 1997e(a). *Id.* at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense. *Wyatt v Terhune*, 315 F.3d 1108, 1119 (9th Cir 2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." *Id.* (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice. *Id.* at 1120.

Nollette has provided evidence that plaintiff did not exhaust the retaliation claim he pursues here. Decl. Dull, Exs. A-EE; Decl. Messick, Exs. A, B. Plaintiff's opposition is not signed under penalty of perjury, nor has he provided a declaration or documents in support of his opposition, despite having been warned of the need to do so in the order of service and in Nollette's motion to dismiss. And if there is evidence in the voluminous record of this case showing that he did try to exhaust, he has not identified where it might be found. *See Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996) (holding that in ruling on motion for summary judgment, it is not the task of district court to scour record in search of genuine issue of triable fact). It thus is undisputed that plaintiff did not exhaust.

In addition, plaintiff's arguments in the opposition contending that he did exhaust are conclusory; he says that administrative appeals often are "disappeared" by staff, but provides no dates or names as to the claims against Nollette. As a result, even if the opposition were treated as evidence, plaintiff would not have established that he did exhaust.

The motion to dismiss will be granted.

///

**B.     Motion for summary judgment**

   **1.     Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

   **2.     Analysis**

As with Nollette's motion to dismiss, plaintiff provides no evidence in proper form in opposition to the motion for summary judgment, despite having been warned in the order of service what he must do to avoid summary judgment. And again, as noted above, if there is evidence in the voluminous record of this case showing that there is a genuine issue of material fact, he has not identified with specificity where it might be found. *See Keenan,* 91 F.3d at 1279. As a result, the only question remaining is whether movants are entitled to judgment as a matter of law on the undisputed facts. For the reasons set out in movants' Memorandum of Points and Authorities, the court concludes that they are. The motion for summary judgment will be granted.

///

///

5

**CONCLUSION**

Nollette's motion to dismiss (document number 108 on the docket) is **GRANTED**. The claims against him are **DISMISSED** without prejudice. The motion for summary judgment (also document number 108) is **GRANTED.** The claims against the unserved defendants are **DISMISSED** without prejudice for failure to obtain timely service. *See* Fed. R.Civ.P. 4(m). All other pending motion are **DENIED** as moot. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 25, 2009.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.00\ARISMAN049.MSJ-DISM2.wpd